UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

SALLY KHIR, ET AL.                :        DOCKET NO.  2:12-cv-03113

VS.                               :        MAGISTRATE JUDGE KAY

JIMMIE RAY CRAFT, ET AL           :

## MEMORANDUM RULING

Before the court is the motion for summary judgment, [doc. 32], filed by defendants Anis Benzineb and USAA Casualty Insurance Company.  For the following reasons, the motion is **GRANTED.**

### I. FACTS & PROCEDURAL HISTORY

This suit arises from a motor vehicle accident occurring in Allen Parish, Louisiana on December 30, 2011.  Doc. 13, p. 3.  At approximately 1:30 p.m., a vehicle being driven by defendant Anis Benzineb ("Benzineb") was heading east on Louisiana Highway 10, approaching the intersection with Louisiana Highway 112.  *Id.*  Plaintiff Sally Khir ("Khir") and Mr. Moyab Sayid were passengers in Benzineb's vehicle.  *Id.*; *see also* doc. 38, att. 1, pp. 6–7.

As Benzineb approached the intersection from the west, another vehicle being driven by defendant Jimmie Ray Craft ("Craft") approached the same intersection via Hwy. 112 from the south.  Doc.. 13, p. 3.  Mr. Wade Louis was a passenger in Craft's vehicle.  Doc. 38, att. 1, pp. 6–7.  The accident occurred when Craft allegedly disregarded a stop sign, entered the intersection, and collided with the right side of Benzineb's vehicle.  Doc. 13, p. 3.  The impact of the collision forced Benzineb's vehicle into a ditch.  *Id.*  The police were called and Craft was issued a citation for failure to yield. *Id.*

-1-

On December 18, 2012, Khir and her husband Ashraf Mekhaeel (hereinafter collectively referred to as "plaintiffs") filed suit in this court to recover damages allegedly sustained as a result of the accident.[1]  Doc. 1.  In addition to Craft and his employer,[2] plaintiffs also sued Benzineb and his insurer USAA Casualty Insurance Company ("USAA").  Doc. 13, pp. 1–2.  Plaintiff claimed that "[a]t the time leading up to the collision, Benzineb was negligent in driving his vehicle." *Id.* at 3.  Specifically, plaintiffs alleged that Benzineb operated his vehicle in a careless and inattentive manner, failed to keep his vehicle under proper control, and failed to see what he should have seen. *Id.* at 5.  Khir, who was seated in the front passenger seat, claims that she saw Craft's vehicle approaching the intersection from her right and told Benzineb to "watch this car" or "be careful from this car," but that Benzineb was unable to avoid a collision.  Doc. 38, p. 5; *see also* doc. 38, att. 2, p. 5.

Benzineb and USAA (hereinafter collectively referred to as "defendants") now move for summary judgment, claiming that the evidence establishes that Benzineb was clearly not at fault in the accident.  Doc. 32.  Defendants' argument is that Khir confirmed in her deposition testimony that she stated on two prior occasions—first during a conversation with her husband and again during a recorded statement she gave to USAA—that "Benzineb could not have done anything to avoid the accident."  Doc. 32, att. 1, p. 2.  Defendants also claim that Khir's deposition testimony establishes that Benzineb had the right of way and that he was not speeding.  *Id.*  Thus, according to defendants, there is no genuine issue of fact regarding Benzineb's lack of fault, and therefore both Benzineb and USAA should be dismissed from this action.

---

[1] Jurisdiction over this matter is predicated on 28 U.S.C. § 1332, because plaintiffs are citizens of California, all defendants are citizens of Louisiana, and the amount in controversy exceeds $75,000. *See* doc. 13, pp. 1–2.

[2] Plaintiffs alleged that the accident occurred during the course and scope of Craft's employment with Beauregard Electric Cooperative, Inc. (hereafter, "BECI"), and therefore BECI was vicariously liable for Craft's negligence. Accordingly, plaintiffs named Craft, BECI, and Federated Rural Insurance Exchange (BECI's insurer) as defendants.  Doc. 13, pp. 1–2.

Plaintiffs oppose the motion on the grounds that the evidence put forward by defendants consists entirely of inadmissible hearsay.  Doc. 38, 10–12.  Plaintiffs also argue that, even if Khir's statements are admissible, the statements are merely her personal beliefs and are not conclusive on the issue of Benzineb's negligence.  *Id.* at 4–5. Furthermore, plaintiffs argue that defendants grossly mischaracterize and paraphrase Khir's testimony, and therefore defendants' "uncontested facts" are anything but.  *Id.* at 12–15.

## II. LAW & ANALYSIS

A court should grant summary judgment when the pleadings, depositions, answers to interrogatories, admissions, and affidavits "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  The party moving for summary judgment is initially responsible for demonstrating the reasons justifying summary judgment by identifying the portions of the record that show the lack of a genuine issue of material fact for trial.  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).  If the moving party will not bear the burden of proof at trial, the moving party may either: (1) submit affirmative evidence that negates an essential element of the non-movant's claim; or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of its claim.  *Celotex*, 477 U.S. at 331.  The court must deny the moving party's motion for summary judgment if it fails to meet its initial burden.  *Tubacex*, 45 F.3d at 954.

If the moving party satisfies its initial burden, the nonmoving party must then "designate specific facts showing that there is a genuine issue for trial."  *Id*. (quoting *Celotex*, 477 U.S. at 323).  In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986).  There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party . . . ." *Id.*

As a threshold matter, the court notes that Khir's out-of-court statements are admissible. An out-of-court statement is admissible non-hearsay "if the statement is offered against an opposing party and . . . was made by the party in an individual or representative capacity." FED. R. EVID. 801(d)(2)(A).  Because Khir is an opposing party and defendants are offering her personal statements against her—that is, to refute her position that Mr. Benzineb was negligent—the statements are admissible non-hearsay under Rule 801(d)(2)(A).[3]  *See* 30B Michael H. Graham, Federal Practice and Procedure § 7016 at 191 (2011 Interim. Ed.) ("A party's own statement made in his individual capacity when offered by an opposing party is defined as not hearsay, Rule 801(d)(2)(A)."); *see also Mayes v. Kollman*, No. 12-60302, 2014 WL 1285679 at *3 (5th Cir. Apr. 1, 2014) (internal citations omitted) (noting that Rule 801(d)(2)(A) allowed plaintiff to admit into evidence the defendant's statement to a police officer regarding traffic accident).

The Louisiana Civil Code requires a factfinder to allocate delictual liability according to "the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss . . . ."  LA. CIV. CODE art. 2323(A).  In this case, the court must also determine whether Benzineb breached his duty as the right-of-way motorist to "take reasonable steps to avoid an

---

[3] The cases cited by plaintiffs for the proposition that "unsworn statements made by a party to an insurance adjuster are inadmissible hearsay," [doc. 38, p. 10], are inapposite. In those cases, the statements were not made by an opposing party or offered against that party.  *See Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 282 (5th Cir. 1992) (excluding as hearsay the statement given by the plaintiff to defendant's insurer when plaintiff attempted to introduce his own statement to bolster his claim); *Lovell v. Childs* 2012 WL 1016054 at *2 (M.D. La. 2012) (excluding as hearsay a statement given by the defendant to plaintiff's insurer when defendant's insurer sought to offer the statement into evidence under the residual exception of trustworthiness). Here, precisely the opposite is true, in that the statements were made by an opposing party and are being offered against her.

accident." *See, e.g.*, *Fontenot v. Patterson Ins.*, 23 So. 3d 259, 269 (La. 2009) (*citing Sanchez Fernandez v. Gen. Motors Corp.*, 491 So. 2d 633, 636 (La. 1986).

Whether or not Ms. Khir's statements concerning the accident would be sufficient to exonerate Mr. Benzineb from any culpability, neither do they provided any basis to believe he did anything wrong. Plaintiffs have offered no evidence to establish how Mr. Benzineb, who clearly had the right of way, could possibly have been in any manner responsible for this accident. Plaintiffs have argued that Mrs. Khir's statements are inadmissible and insufficient to establish lack of fault but they also have failed to "designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 323.

In their opposition to the motion plaintiffs suggest that the motion is premature and that additional discovery was to be had. During the time this motion has been pending, a time during which we assume discovery has taken place, plaintiffs have failed to come forward with any evidence that would indicate any culpability on the part of Mr. Benzineb. Absent such evidence the motion must be granted.

### III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment, [doc. 32], is **GRANTED.**

THUS DONE this 27th day of May, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

-5-