UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SALY KHIR, ET AL** | : | **DOCKET NO. 12-CV-3113** |
| **VS.** | : | |
| **JIMMIE RAY CRAFT, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion for *In Camera* Inspection [doc. 46] and an Amended Motion for *In Camera* Inspection [doc. 54] filed by Beauregard Electric Cooperative, Inc., Jimmie Ray Craft, and Federated Rural Electric Insurance Cooperative ("Defendants"). The motions are opposed by plaintiff Saly Khir and her husband Ashraf Mikhael (hereinafter collectively referred to as "Plaintiffs").

For the reasons stated herein, the Motions for In Camera Inspection are **GRANTED** and defendants are **ORDERED** to produce the withheld evidence.

*Facts and Procedural History*

This suit arises from a motor vehicle accident occurring in Allen Parish, Louisiana on December 30, 2011. Doc. 13, p. 3. Plaintiff Sally Khir ("Khir") was a passenger in a vehicle that was stuck by a vehicle driven by defendant Jimmie Ray Craft who is alleged to have disregarded a stop sign. *Id.*

On December 18, 2012, Khir and her husband filed suit in this court to recover damages sustained as a result of the accident.[1] Doc. 1. Khir claimed that she sustained "substantial and permanent injuries" from the accident. *Id.* at 6. She alleged that she suffered mental anguish and

---

[1] Jurisdiction over this matter is predicated on 28 U.S.C. § 1332, because plaintiffs are citizens of California, all defendants are citizens of Louisiana, and the amount in controversy exceeds $75,000. *See* doc. 13, pp. 1–2.

emotional distress and has incurred and will continue to incur medical costs associated with her treatment.  *Id.*  Khir further claimed that she "has been impaired in her daily activities and enjoyment of life, including loss of consortium; has been unable to perform her duties at work; and may experience continuing and/or permanent pain; physical/mental anguish and activity limitations because of her injuries."  *Id.*

Following a deposition of Khir wherein she described her injuries and impairments, defendants filed the current motions before this court.  Defendants ask the court to conduct an in camera review of surveillance evidence in their possession and determine if it should be produced to plaintiff in response to discovery requests or if it can be withheld until shortly before the parties proceed to trial.

Defendants set forth several arguments in support of their position.  First, they maintain that according to the case of *Romero v. Chiles Offshore Corp.,* 140 F.R.D. 336 (W.D. La. 1992), surveillance evidence that is intended to be used only for impeachment purposes it not subject to disclosure until ten days prior to trial.  Defendants next argue that Federal Rule 26(a)(I)(A)(ii) allows a party to withhold evidence "if used solely for impeachment purposes."  They further contend that the Fifth Circuit ruling in *Chaisson v. Zapata Gulf Marine Corp.,* 988 F.2d 513 (5thCir. 1993) is inapplicable here because plaintiffs have not specifically requested the evidence they seek to withhold and the evidence is purely impeachment evidence – not both impeachment and substantive evidence.  Finally, in their amended motion defendants argue that according to Section (I)(E) of the Standing Order Governing Pretrial Procedure in Civil Cases Assigned for Trial before Judge Trimble, they are not obligated to respond to discovery requests for surveillance evidence until five days before trial.

In response, plaintiffs contend that defendants are not allowed to withhold production

based on FRCE 26(a)(I)(A)(ii) because that provision is only applicable to initial disclosures. They contend that if the evidence that is being withheld is relevant to the proceeding it must be produced in response to their discovery requests. Relying on *Chaisson,* plaintiffs argue that the evidence that defendants are withholding should be considered both impeachment and substantive evidence because the extent of Khir's injuries and subsequent damages are the only issues before the court. Finally, plaintiffs contend that the federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible.

## *Law and Analysis*

We find no merit in defendants' reliance on the case of *Romero v. Chiles Offshore Corp.,* 140 F.R.D. 336 (W.D. La. 1992). At the time that case was decided, over twenty years ago, the court noted that there was "no controlling dispositive authority" on the issue of whether or not surveillance evidence must be produced to the opposing party prior to trial. *Id.* at 337. The court found that whether or not to order production of the evidence was discretionary and after examining how other courts handled the issue decided that "the current opinion of the Honorable District Judges sitting in the Lafayette Division of the Western District of Louisiana" is that surveillance evidence "need not be disclosed earlier that ten (10) days prior to trial if it is to be used for impeachment purposes only." *Id.* Since *Romero* was decided, the Fifth Circuit has issued its opinion in *Chaisson* and this district has acknowledged its precedential authority and issued decisions in accordance with its holding. *See, e.g.*, *Campbell v. Chet Morrison Contractors, LLC,* 2012 WL 3028079, (W.D. La. July 24, 2012), *Williams v. Gaitsch,* 2011 WL 2223813, (W.D. La. June 8, 2011). Thus, we find that *Romero* is not applicable.

The court is also not persuaded by defendants' argument that disclosure is not required pursuant to Federal Rule 26(a)(I)(A)(ii) which exempts from disclosure "documents,

electronically stored information, and tangible things" that would be used "solely for impeachment."  As plaintiffs aptly point out this portion of Rule 26 governs the requirement that parties produce certain evidence without the need for discovery requests, or, in their initial disclosures.  At issue here is not whether defendants should have automatically turned over the evidence to plaintiffs as an initial disclosure but rather whether defendants should produce evidence responsive to plaintiffs' discovery requests pursuant to Rule 26(b)(1).  We thus find Rule 26(a)(I)(A)(ii) inapplicable.

Defendants next contend that Section (I)(E) of the Standing Order Governing Pretrial Procedure in Civil Cases Assigned for Trial before Judge Trimble[2] should apply in this case and that the surveillance evidence need not be produced until five days before trial.  We note that although this case was originally assigned to Judge Trimble and the undersigned, the parties consented to trial before the magistrate judge [doc. 20] and an order was signed on June 7, 2013, referring the case to the undersigned.  Doc. 21.  No such Standing Order was ever issued in this proceeding.  In fact, on July 25, 2013 the undersigned issued her own Scheduling Order Governing Pretrial Procedure [doc. 25] which does not include any provision governing the timeliness of production of surveillance evidence.  We find this argument without merit.

Both parties agree that the prevailing case on the issue before the court is the Fifth Circuit case of *Chaisson v. Zapatta Gulf Marine Corp.,* 988 F.2d 513 (5th Cir.1993).

In *Chaisson*, the Fifth Circuit found that the district court committed reversible error when it allowed the admission of surveillance videotape evidence at trial.  In that case a surveillance video was taken of the plaintiff who was alleging damages for pain and suffering and loss of enjoyment of life.  The video showed plaintiff participating in various activities of

---

[2] Defendants attach as an exhibit a copy of a "Standing Order Governing Pretrial Procedure in Civil Cases Assigned for Trial before Judge Trimble" which was issued in a separate case and signed by Judge Trimble on May 23, 2014. *See* Doc. 54, att. 2, pp.1-3.

daily living. Although plaintiff had requested production of "any still or motion pictures taken of [plaintiff]" by way of interrogatory, the video was not disclosed to plaintiff prior to trial.[3]

The court addressed the distinction between substantive and impeachment evidence. It described substantive evidence as "that which is offered to establish the truth of the matter to be determined by the trier of fact" and described impeachment evidence as "that which is offered to 'discredit a witness … to reduce the effectiveness of [her] testimony by bringing forth evidence which explains why the jury should not put faith in [her] or [her] testimony'" *Id* . at 517, citing John P. Frank, *Pretrial conference and Discovery – Disclosure or Surprise?,* 1965 Ins.Law J. 661, 664 (1965). The court found that the district court erred by admitting the videotape into evidence because it was "at the very least in part substantive" and should have been disclosed to plaintiff prior to trial "regardless of its impeachment value." *Id.* at 517-18. The court noted:

> [Plaintiff] claims that she suffered 'great physical and mental pain and anguish' and seeks damages for 'loss of enjoyment from the activities of her normal life.' Certainly, then, the severity of her pain and the extent to which she has lost the enjoyment of normal activity are among the key issues a jury must decide in calculating her damages. Evidence which would tend to prove or disprove such losses must be considered 'substantive.'

*Id.* at 517.

Defendants argue that the facts here are distinguishable from *Chaisson* because they only intend to use the evidence in question "to show the jury that they should not put any faith in Ms. Khir's testimony – not as substantive evidence as to the extent and existence of her injuries." Doc. 51, p. 3. Defendants further argue that unlike the plaintiff in *Chesson,* plaintiffs here have not specifically asked for surveillance, photographic, video or impeachment evidence through

---

[3] The court discusses Local Rule 9 which at the time was in effect in the Eastern, Middle and Western Districts of Louisiana. The rule governed preparation of the pre-trial order and provided that if a party has good cause for non-disclosure of exhibits used solely for the purpose of impeachment it may request an ex parte conference with the court to conduct an in camera inspection of the evidence. The Fifth Circuit commented that while this local rule may be inconsistent with the federal rules, it did not ultimately base its decision on the validity of the local rule.

discovery.  This second argument lacks merit as plaintiffs have, since the original motion was filed, propounded a second set of interrogatories and request for production which specifically asks defendants to identify and produce "each and every photograph, video tape, or surveillance footage in your possession that relates to or depicts Ms. Khir."  *See* Doc. 57, att. 1-3.

The court further finds that defendants' assertion on how they "intend to use" the evidence is not controlling under the rule espoused in *Chaisson*.  The court has reviewed the evidence submitted in connection with defendants' motion and finds that it possesses substantive value.  Here, the degree of Khir's physical pain and disability are issues for the jury to decide when calculating damages.  The evidence submitted is probative of the actual harm suffered by Khir and the effect on her quality of life.  As in *Chaisson,* the surveillance videotape bears directly on the severity of Khir's injuries.  It thus possesses substantive value and is discoverable.

### *Conclusion*

For the reasons stated, the court hereby **GRANTS** Motions for In Camera Inspection [docs. 46, 54] are G**RANTED** and defendants are **ORDERED** to produce the withheld evidence.

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE